(No. 2544—

Thomas Korando, Claimant, vs. State of Illinois, Respondent.

*Opinion filed February 14, 1940.*

J. Fred Gilster and William G. Juergens, for claimant.

John E. Cassidy, Attorney General; John Kasserman, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

Thomas Korando filed his complaint on November 26, 1934, alleging that on the 30th day of June, 1933, he was employed by the State of Illinois as a guard of rank two at the Southern Illinois Penitentiary at Menard, Illinois; that his employment required him to work on the farm of the said penitentiary and to assist with the slaughtering and butchering of cattle and hogs; that on the 30th day of June, 1933, while engaged in the line of his employment, which required him to butcher a beef, and while preparing to stick the beef, the animal threw its head to one side and the knife went into claimant's left arm about four inches above the wrist joint on the inside of the arm where it severed the main artery cutting off the main blood supply to the arm and hand and where it cut off and severed the muscle in the arm; that because of the injury his hand and arm are numb and he has very little feeling in either his hand or arm; that he is unable to do any hard work or heavy lifting with his arm, and is unable to perform his daily duties around the farm that he was able to perform prior to said injury; that he has permanently lost the partial use of his hand and arm by reason of the injury.

Claimant further alleged that prior to the time of the injury he was earning $25.96 per week, and he claims $3,504.60 damages, which is for the permanent partial disability under which he was placed by reason of the injury.

The Attorney General made a motion to strike the claim for the reason that no claim for compensation was made within six months after the accident, and that by reason of the limitations contained in Section 24 of the Workmen's Compensation Act, this claim is barred.

If this court has any jurisdiction, it is under the Compensation Act. Approximately one year and five months elapsed from the time of the injury until the claim was filed. Section 24 of the Workmen's Compensation Act provides that no proceedings for compensation under said Act shall be maintained unless claim for compensation has been made within six months after the accident, and unless application for compensation is filed with the Industrial Commission

within one year after the date of the injury or within one year after the date of the last payment of compensation. No compensation was ever paid to claimant.

It has been repeatedly held by this court and the Supreme Court of Illinois that the filing of the claim within the year as above set forth is jurisdictional. More than a year having elapsed, this court has no jurisdiction to entertain the claim.

The motion of the Attorney General will, therefore, be sustained and the cause dismissed.